**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI BARCA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>90 DAY CREDIT EXPERTS LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.; and**<br><br>**2. VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes TONI BARCA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of 90 DAY CREDIT EXPERTS LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the California

1

Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.,* stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as conducts business within the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), residing in Sacramento, California, which lies within the Eastern District of California.

5. Defendant is a credit repair organization stating that it will "fix your credit in 90 days."[1] Defendant is a limited liability company organized under the laws of the state of Utah with its principal place of business located 587 West 800 North, Orem, Utah 84057.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.90daycreditexperts.com/

2

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately February of 2023, Plaintiff was wanting to go about cleaning up and improving her credit, and began looking into various credit repair companies for assistance.

9. Plaintiff subsequently came upon Defendant, and spoke with Defendant regarding its services.

10. Defendant represented to Plaintiff that, through its services, it guaranteed Plaintiff would enjoy a 100 point increase in her credit score within 90 days of using Respondent's services.

11. Defendant would achieve these results by submitting disputes on Plaintiff's behalf with the various credit reporting agencies in order to get negative information removed.

12. Plaintiff briefly explained the issues Plaintiff wanted addressed, and Defendant assured Plaintiff that all of the information she wanted address and removed would be successfully addressed and removed.

13. Defendant made these representations about the information that would be removed without any reasonable basis to believe it could deliver the represented

results or without any indication that the accounts and information Plaintiff wanted to address were properly subject to removal.

14. After expressing her interest in Defendant's services and the represented promises, Plaintiff agreed to use Defendant's services.

15. In connection therewith, Defendant had Plaintiff sign a contract with Defendant while on the phone.

16. In an effort to get Plaintiff to sign, Defendant glossed over a number of terms in the contract all while misrepresenting the nature of the contractual language.

17. Upon information and belief, Defendant misrepresented the nature of the warranties, the disclaimers applicable to its business, and overall nature of the document Plaintiff was signing – further pressuring Plaintiff to sign the agreement without an opportunity to meaningfully review the document.

18. Under the contract, Plaintiff would be obligated to pay Defendant certain monthly fees of $150.00 per month for 12 months.

19. However, Defendant's contract attempted to render Plaintiff liable for the *entire* $1,800.00 as soon as the contract was signed and without any consideration of whether Defendant successfully provided any services or results to Plaintiff.

20. Plaintiff persisted in making her payments for months.

21. Plaintiff was further required to pay for certain credit monitoring services at an additional monthly cost, despite these services typically being free.

22. Upon information and belief, Defendant received a kickback for referrals to these companies.

23. Despite Plaintiff maintaining her payments for months, Defendant failed to deliver the full extent of services or results it promised Plaintiff when she signed up.

24. Defendant was only able to get one piece of information removed, in stark contrast to the information it advised would be removed when Plaintiff signed up.

25. Frustrated by Defendant's lack of progress or results, Plaintiff attempted to cancel her agreement with Defendant.

26. However, Defendant would not let Plaintiff cancel.

27. Defendant told Plaintiff she was liable for the entire $1,800.00, and that if she stopped paying Defendant would report her to the credit bureaus as being behind on payments.

28. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

29. Plaintiff has suffered significant harm as a result of Defendant's conduct, including but not limited to emotional distress, aggravation, mental anguish, lost time, out of pocket expenses, paying for nonexistent and deficient credit repair services, denial of the benefit of her bargain in her dealings with Defendant, and numerous violations of her state and federally protected interests to be free from abusive and deceptive practices by purported credit repair organizations.

**COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

32. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a. Violations of CROA § 1679b(a)(1)**

33. The CROA, pursuant to 15 U.S.C. § 1679b(a)(1), provides that no person may "make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to – any credit reporting agency . . . or, any person who has extended credit to the consumer."

34. Defendant violated the above provision of the CROA through its conduct in making on Plaintiff's behalf, and/or counseling Plaintiff to make, statements that

were untrue to the credit reporting agencies. Upon information and, belief, Defendant's disputes submitted on Plaintiff's behalf contained inaccurate and deceptive information, known to be false and deceptive by Defendant, all in an effort to deliver the results it represented would be provided.

### b. Violations of CROA § 1679b(a)(3)-(4)

35. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

36. Defendant violated the above provisions of the CROA through the generally deceptive way it represented its services to Plaintiff. Defendant promised a 100 point increase in 90 days, and similarly assured Plaintiff that all of the information she wanted to address would be taken care of through Defendant's services. However, Defendant failed to follow through on these promises or deliver the results and services in the manner represented. Plaintiff saw little to no benefit to her credit score through Defendant's services despite paying hundreds of dollars for Defendant's services.

37. Defendant further violated the above provisions of the CROA through its conduct surrounding Plaintiff's signing of the contract with Defendant. Defendant misrepresented the contractual terms and compelled Plaintiff to sign the agreement without any meaningful opportunity for Plaintiff to review the contract. Defendant engages in this conduct to get consumers on the hook for the services without complete and accurate disclosure of the contents of the documents Defendant forces consumers to sign.

38. Defendant further violated the above provisions of the CROA through its affirmative representations that Plaintiff's desired information would be removed from her credit reports, regardless of the accuracy of any information being reported. Upon information and belief, Defendant is engaged in a pattern and practice of representing to consumers that, regardless of the nature of a particular debt or item that is appearing on a consumer's credit report, that Defendant will be able to get the information removed or corrected. Defendant's misrepresentations leaves consumers with a false sense of hope of the extent of information that can actually and properly be disputed and removed from consumers' credit files.

39. Defendant further violated the above provisions of the CROA through its fraudulent and deceptive conduct in threatening to report Plaintiff to the credit bureaus if she ceased making payments. Defendant is engaged in a course of business where it gets consumers on the hook for thousands of dollars, before any work has been performed, and when Defendant fails to follow through on its

promises and a consumer complains, it will continue charging that consumer under threat of suffering further harm to their credit – which is the precise reason why consumers, including Plaintiff, use Defendant's services in the first place. Simply put, Defendant's conduct is part of an overarching scheme designed to bilk consumers for thousands of dollars in payments in connection with misrepresented and ineffective credit repair services lest such consumer be subjected to further financial harm.

### c. Violation of CROA § 1679b(b)

40. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

41. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Defendant charged Plaintiff a flat-rate of $1,800.00, that was paid out in monthly installments of $150.00. As Defendant's conduct suggests, it keeps consumers on the hook for these fees, *regardless* of whether Defendant has completely performed the services it agreed to perform – in clear violation of the CROA.

### d. Violations of CROA § 1679c

42. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the various disclosures and pieces of information that have to be provided to consumers *prior* to contracting with consumers. § 1679c(b) requires these disclosures to be provided in a document separate from any agreement signed by a consumer.

43. Defendant violated the above provisions of the CROA through its failure to provide the CROA-required disclosures in the manner required by the CROA. Defendant did not provide these disclosures prior to contracting with Plaintiff, instead including them in the contract Plaintiff signed and which Defendant actively and fraudulently prevented Claimant from meaningfully reviewing prior to signing.

    e.  **Violation of CROA § 1679d**

44. Pursuant to § 1679d(b), credit repair organizations are required to include, in their contracts with consumers, a *conspicuous* disclosure of consumer's right to cancel a contract "in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right'."

45. Defendant violated 15 U.S.C. §§ 1679d(4) through its failure to provide the requisite disclosure in the manner required by the CROA. Defendant's contract provides a bolded disclosure, although it is not in proximity to the space reserved for Plaintiff's signature on the contract. It similarly provides a non-conspicuous and

un-bolded disclosure closer to the space reserved for Plaintiff's signature, although not in immediate proximity thereto.

### f. Violation of CROA §§ 1679f(a)-(b)

46. The CROA, pursuant to 15 U.S.C. §§ 1679f(a)-(b), provides that any waiver, or attempt to attain a waiver, by a consumer of any protection provided or any right of the consumer under the CROA results in that contract being considered void and unenforceable – further making the attempt to attain a waiver of any right or protection under the CROA a separate violation of the CROA.

47. Defendant violated the above provisions of the CROA through its efforts to obtain a waiver of Plaintiff's protections provided under the CROA through its contract. Defendant's contract contains a broad indemnification provision seeking to limit its liability in connection with the way in which it represents and provides its services to consumers, including a waiver of any right to collect punitive damages as expressly provided by the CROA. Defendant's contract further contains various merger and integration clauses seeking to insulate itself from liability in connection with the way in which it represents its services to consumers. Furthermore, Defendant's contract seeks to justify its billing practices by agreeing that it does not collect payment for services until they're performed – however, the practical reality of the contract and Defendant's treatment of the contract illustrates the falsity and contradictory nature of these representations.

WHEREFORE, Plaintiff, TONI BARCA, respectfully requests that the Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

  c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

  e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

50. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

  **a. Violation of CCSOA § 1789.13**

51. The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

52. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete

performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

53. Defendant violated § 1789.13(a) when it charged and received money from Plaintiff without fully completing the services it agreed to perform.

54. Pursuant to § 1789.13(c), credit services organizations cannot "fail to provide a monthly statement to the consumer detailing the services performed."

55. Defendant violated § 1789.13(c) by failing to provide a monthly statement of the services it was performing for Plaintiff. Defendant failed to provide any such monthly statements.

56. Pursuant to § 1789.13(e), a credit services organization cannot advise a consumer to make a statement to a credit reporting agency that is false or should be known to be false.

57. Defendant violated § 1789.13(e) in much the same way it violated § 1679b(a)(1) of the CROA.

58. Pursuant to § 1789.13(h), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(i), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

59. As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

### b. Violations of CCSOA § 1789.16(a)

60. The CCSOA requires credit services organizations to include a conspicuous statement regarding a consumer's right to cancel a contract in proximity to the place reserved for the consumer's signature, providing 5 days for cancelation. *See* Cal. Civ. Code § 1789.16(a)(1).

61. Defendant violated § 1789.16(a)(1) by failing to provide the requisite disclosure of Plaintiff's right to cancel in immediate proximity to the space reserved for her signature on the contract.

### c. Violations of CCOSA § 1789.19

62. The CCSOA, much like the CROA, provides that a credit services organization's attempt to obtain a waiver of any of the rights afforded constitutes a violation of the CCSOA. *See* Cal. Civ. Code § 1789.19(a).

63. Defendant violated § 1789.19(a) through its unlawful attempt to obtain a waiver of Plaintiff's protections provide under state and federal law.

WHEREFORE, Plaintiff, TONI BARCA, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.


Dated: May 31, 2023                    Respectfully submitted,

/s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com