UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI BARCA, | No. 2:23-cv-1028 DB |
| Plaintiff, | |
| v. | ORDER |
| 90 DAY CREDIT EXPERTS, LLC, | |
| Defendant. | |

On May 31, 2023, plaintiff commenced this action by filing a complaint and paying the applicable filing fee.[1] (ECF No. 1.) The complaint alleges that the court has subject matter jurisdiction over this action pursuant to the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*, and that venue is proper because the events at issue occurred within the Eastern District of California. (Id. at 2.)

On November 16, 2023, the court issued an order setting a Status (Pretrial Scheduling) Conference in this matter for December 22, 2023. (ECF No. 13.) On December 8, 2023, the parties filed a Joint Status Report. (ECF. No. 17.) Although there is nothing from the face of the complaint to call jurisdiction or venue into question in the parties' Joint Status Report defendant "denies that Jurisdiction and Venue are proper and believe (sic) that the discovery process will

---

[1] Each of the parties in the above-captioned case consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c).

1

assist in an analysis of these issues." (Id. at 2.) However, defendant also states that "Defendant does not anticipate filing a dispositive motion[.]" (Id.)

The court cannot proceed with scheduling this action in light of defendant's representations. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The Status Conference will, therefore, be continued. The parties will be ordered to file a supplemental Joint Statement. Therein, defendant shall clarify as to why defendant believes jurisdiction and/or venue may be improper. As a result, defendant's motion to allow a special appearance at the Status Conference will be denied.[2] (ECF No. 19.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Status (Pretrial Scheduling) Conference set for **December 22, 2023,** is continued **Friday February 2, 2024, at 10:00 a.m.**, in person at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned.

2. On or before **January 19, 2024,** the parties shall file an updated joint status report. Therein, defendant shall clarify as to why defendant believes jurisdiction and/or venue may be improper. The supplemental joint status report shall also address all of the following matters:

////

---

[2] On December 7, 2023, defendant filed a notice of association of attorney. (ECF No. 16.) On December 8, 2023, defendant filed a motion to strike that notice explaining it was erroneously filed. (ECF No. 17.) Defendant's motion will be granted.

        a.      Progress of service of process;

        b.      Possible joinder of additional parties;

        c.      Possible amendment of the pleadings;

        d.      Jurisdiction and venue;

        e.      Anticipated motions and the scheduling thereof;

        f.      Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

        g.      Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

        h.      Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

        i.      Whether the case is related to any other case, including matters in bankruptcy;

        j.      Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of her so acting, or whether they prefer to have a Settlement Conference before another magistrate judge; and

        k.      Any other matters that may aid in the just and expeditious disposition of this action.

4. The parties are cautioned that failure to file a status report or failure to appear at the status conference may result in an order imposing an appropriate sanction. See Local Rules 110 and 183.

5. Defendant's December 13, 2023 motion to strike (ECF No. 18) is granted.

6. Defendant's December 13, 2023 motion to allow special appearance (ECF No. 19) is denied.

DATED: December 20, 2023        /s/ DEBORAH BARNES
                                                  UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.consent\barca1028.cont.ossc