**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq. (State Bar No. 332334)
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONI BARCA,<br><br>    Plaintiff,<br><br>    v.<br><br>90 DAY CREDIT EXPERTS LLC,<br><br>    Defendant. | Case No.  2:23-cv-01028-DB<br><br>**JOINT STATUS REPORT** |

NOW COMES Plaintiff, TONI BARCA ("Plaintiff"), as well as Defendant, 90 DAY CREDIT EXPERTS LLC ("Defendant"), by and through the undersigned counsel, and respectfully submit the following joint status report:

**a) <u>Brief Summary of the Claims:</u>**

    i.  **Plaintiff:** Plaintiff alleges that Defendant violated the Credit Repair Organization Act ("CROA") under 15 U.S.C. § 1679 *et seq*. and the California Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code § 1789.10 *et seq*. Specifically, Plaintiff alleges that Defendant violated the provisions through the nature of its false and deceptive representations regarding the guaranteed credit score increase and the length of time and amount of payments Plaintiff would need to make in order to completes its program.

    ii.  **Defendant:** Defendant denies that it violated the Credit Repair Organization Act ("CROA") under 15 U.S.C. § 1679 *et seq*. and further denies violating the California Credit Services Organizations Act of 1984 ("CCSOA") within the meaning of Cal. Civ. Code § 1789.10 *et seq*. Finally, Defendant denies that it has violated any of the provisions Plaintiff claims and denies making any false and/or

deceptive representations regarding a guaranteed credit score increase and the length of time and amount of payments Plaintiff would need to make in order to complete its program.

b) **Progress of service of process:**

  i. Defendant has been served Plaintiff's Complaint and has filed an Answer on July 19, 2023.

c) **Possible Joinder of Additional Parties:**

  i. **Plaintiff:** Plaintiff believes that it is unlikely that any additional parties will be joined. However, the Complaint may need to be amended to include any new parties that Plaintiff discovers during discovery.

  ii. **Defendant:** Defendant can only speculate about the possibility of the joinder of any additional parties and Defendant respectfully declines to engage in any such speculation.

d) **Possible Amendment of the Pleadings:**

  i. **Plaintiff:** Plaintiff believes that there is a possibility that the Complaint may need to be amended depending on the information realized in the discovery process.

  ii. **Defendant:** At this stage of the proceedings, Defendant can only speculate about the possibility of an amendment of the pleadings. Nevertheless, Defendant believes the discovery process will shed light on this issue.

e) **Jurisdiction and Venue:**

  i. Court has subject matter jurisdiction pursuant to 15 U.S.C. §1679, as well as 28 U.S.C. §§1331 and 1337. The court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.

  ii. Venue is proper pursuant to 28 U.S.C § 1391 as Defendant conducts business within the Eastern District of California and a substantial portion of events took place within this district. In addition to this, Plaintiff resides in the Eastern District of California.

f) **Anticipated motions and the scheduling thereof:**

  i. **Plaintiff:** At this time, Plaintiff does not anticipate filing a dispositive motion. Plaintiff proposes a deadline of June 22, 2024.

  ii. **Defendant:** At this stage, Defendant does not anticipate filing a dispositive motion but believes that the discovery process will assist in an analysis of this issue. Defendant proposes a deadline of August 23, 2024.

g) **Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses:**

  i. **What changes should be made in the timing, form, or requirements of disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

  Parties do not believe that any changes need to be in to be made to the timing, form, or requirements of the disclosures allowed under Rule 26(a). Parties intends to make its Rule 26(a)(1) Disclosures by February 23, 2024.

  ii. **The subject on which discovery will be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issue:**

  Plaintiff anticipates both written and oral discovery relating to the allegations made in Plaintiff's complaint. Specifically, information related to all communications between Plaintiff and Defendant, Defendant's policies and procedures related to the Credit Repair Organizations Act and California Credit Services Organizations Act, all correspondent Defendant sent to any credit reporting organizations, account notes, information related to Defendant's solicitation campaign, and the contract Plaintiff and Defendant entered into. Plaintiff does not believe that discovery should be conducted in phases or be limited.

  Defendant anticipates both written and oral discovery relating to the allegations made in Plaintiff's Complaint. Specifically, information related to all communications between Plaintiff and Defendant, Plaintiff's specific requests made of Defendant, all communications Plaintiff sent to Defendant, all verbal requests made to Defendant, the facts and circumstances surrounding Plaintiff's assent to the terms of the contract between the parties, and any other topics that may become relevant or otherwise made known through the discovery process. Defendant, likewise, does not believe that discovery should be conducted in phases or be otherwise be limited.

  iii. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

  The parties do not believe that any changes need to be made on the rules or limits related to discovery.

  iv. **Timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):**

  April 19, 2024

h) **Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of final pretrial conference and trial:**

The parties agree the discovery cut-off day to be July 31, 2024. Pretrial Hearing to be on October 1, 2024 and Trial period to begin October 31, 2024 with an estimated time of approximately 2 days.

**i)** **Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action:**

None at this time.

**j)** **Whether the case is related to any other case, including matters in bankruptcy:**

None.

**k)** **Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of her so acting, or whether they prefer to have a Settlement Conference before another magistrate judge:**

Parties consent to this matter being tried before the magistrate judge.

**l)** **Any other matters that may aid in the just and expeditions disposition of this action:**

None.

DATED: January 19, 2024                                        Respectfully submitted,

| | |
|---|---|
| */s/ Alexander J. Taylor* | */s/ Phillip R. Geurts* |
| Alexander J. Taylor | Phillip R. Geurts |
| State Bar No. 332334 | State Bar No. 231320 |
| Sulaiman Law Group, Ltd. | Guerts Law Firm |
| 2500 S. Highland Ave., Ste. 200 | 17011 Bach Blvd, Ste. 900 |
| Lombard, IL 60148 | Huntington Beach, CA 92647 |
| Telephone: (630) 575-8181 Ext. 180 | Phone: (714) 251-6694 |
| Facsimile: (630) 575-8188 | Fax: (949) 861-6155 |
| ataylor@sulaimanlaw.com | phil@geurtslawfirm.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will be sent to all attorneys of record.

*s/ Alexander J. Taylor*
Alexander J. Taylor